**UNITED STATES of America, Appellee**

v.

**Charles KING, Jr., Appellant.**

**Nos. 04–3002, 04–3093.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 2, 2006.

Rehearing En Banc Denied Dec. 7, 2006.

John Robert Fisher, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Frances Marguerite D'Antuono, Law Office of Frances M. D'Antuono, Washington, DC, for Appellant.

Before: TATEL and BROWN, Circuit Judges, and EDWARDS, Senior Circuit Judge.

**12**

## JUDGMENT

**PER CURIAM.**

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is

■ **ORDERED AND ADJUDGED** that the conviction of Charles King, Jr. be affirmed. Appellant claims police violated his right to be free from unreasonable searches and seizures when they searched the passenger compartment of the car he was driving. Police officers may search a person for weapons if "a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry v. Ohio,* 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). This standard has been applied in the context of a traffic stop to permit officers to separate a person from his vehicle, conduct a pat-down search, and search the passenger compartment of the vehicle. *See Michigan v. Long,* 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); *Pennsylvania v. Mimms,* 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). "[T]he search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons."

*Long,* 463 U.S. at 1049, 103 S.Ct. 3469 (internal quotation marks omitted).

Based on appellant's suspicious movements (which continued after he was told to stop) together with his extreme nervousness and his close proximity to a street known for illegal drug sales, police officers could reasonably believe their safety or the safety of others was in danger. And they could reasonably believe appellant had easy access to a weapon stored on his person or in the passenger compartment of the car. Under *Terry* and *Long,* this reasonable fear justified both the pat-down search and the search of the passenger compartment of the car.

■ The district court committed *Booker* error. *See United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because the record is insufficient for us to determine whether the error was prejudicial, we remand the record to the district court to make this determination, but we retain jurisdiction over the case. *United States v. Coles,* 403 F.3d 764, 770–71 (D.C.Cir.2005).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.